IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN KIRKPATRICK,   )
                                      )   2:12-cv-01486-GEB-CMK
            Plaintiff,   )
                                      )
      v.                          )   ORDER TO SHOW CAUSE AND
                                      )   CONTINUING STATUS (PRETRIAL
GERBER LIFE INSURANCE COMPANY, a   )   SCHEDULING) CONFERENCE
New York corporation,   )
                                      )
            Defendant.   )
_____   )

The June 1, 2012 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on October 1, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The June 1, 2012 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

Therefore, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than October 1, 2012, why sanctions should not be imposed against her/it and/or her/its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written responses shall also state whether the party or her/its counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on October 15, 2012, at

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

1

9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated: September 20, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).