IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN KIRKPATRICK,  )
                                 )   2:12-cv-01486-GEB-CMK
      Plaintiff,  )
                                 )
    v.  )   ORDER TO SHOW CAUSE AND
                                 )   CONTINUING STATUS (PRETRIAL
GERBER LIFE INSURANCE COMPANY, a  )   SCHEDULING) CONFERENCE
New York corporation,  )
                                 )
      Defendant.  )
_____)

        The June 1, 2012 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on October 1, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The June 1, 2012 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than October 1, 2012, why sanctions should not be imposed against her/it and/or her/its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written responses shall also state whether the party or her/its counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on October 15, 2012, at

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

1

1  9:00 a.m., just prior to the status conference, which is rescheduled to
2  that date and time. A joint status report shall be filed no later than
3  fourteen (14) days prior to the status conference.
4          IT IS SO ORDERED.
5  Dated:  September 20, 2012

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    Senior United States District Judge

---

¹(...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1442 (10th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. <u>In re Hill</u>, 775 F.2d 1385, 1387 (9th Cir. 1985).

2